# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


REGINALD L. McGLOTHEN,

        Petitioner,

      v.                     CASE NO.  13-3021-RDR

LISA J.W. HOLLINGSWORTH,

        Respondent.

## O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas.  The fee for filing a habeas corpus action is $5.00.  Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis supported by the requisite financial information.[1]  He is required to satisfy the filing fee.  He is also required to show cause why this action should not be dismissed for lack of jurisdiction.

Petitioner seeks to "collaterally attack[]" his 262-month federal sentence imposed in 2008 by the United States District Court for the District of Missouri upon his jury conviction of felon in possession of a firearm.  He mainly claims that the court lacked interstate commerce jurisdiction.  Having considered the petition,

---

[1]     28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

the court finds that it lacks jurisdiction over petitioner's claims.

Even though petitioner baldly states that he is attacking the execution of his sentence, the allegations in his petition are clearly challenges to the legality of his federal conviction or sentence. 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* It should be clear from the above statutory provisions that a motion under § 2255 must be filed in the district court that imposed sentence and is the "exclusive remedy" for challenging a federal sentence unless there is a showing that the remedy is inadequate or ineffective. *See 28 U.S.C. § 2255; Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). The remedy under § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

A § 2241 petition has a distinct purpose from a § 2255 motion, and attacks the execution of a sentence rather than its validity.

Claims appropriately brought under § 2241 include challenges to sentence credit or good time calculations, disciplinary sanctions, and parole decisions. A § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964).

Petitioner alleges no facts whatsoever to suggest that the remedy provided under § 2255 is or has been inadequate or ineffective. He does not even disclose whether or not he raised his claims on direct appeal to the Eighth Circuit Court of Appeals. Nor does he disclose if he has already litigated his claims by § 2255 motion in the sentencing court, the denial of which could have also been appealed to the Eighth Circuit. Petitioner's claims are clearly ones that must have been presented to the sentencing court and the appropriate Court of Appeals. Even assuming petitioner has "exhausted" his direct criminal appeals and his remedy under § 2255, he is not entitled to additional review by this court under § 2241 of challenges to his conviction and sentence imposed by a different federal district court. Furthermore, it is well-settled that the fact that a federal inmate may be precluded from filing a second and successive or an untimely § 2255 motion does not establish that the remedy is ineffective. *Sines v. Wilner*, 609 F.3d 1070 (10th Cir. 2010); *see Bustillo v. Hood*, 168 Fed.Appx. 255, 256 (10th Cir.)(unpublished

3

opinion cited as persuasive not binding), *cert. denied*, 547 U.S. 1159 (2006); *Caravalho*, 177 F.3d at 1178.[2]   Not even an erroneous decision on a § 2255 motion renders the § 2255 remedy ineffective.   *See Sines*, 609 F.3d at 1073.

Petitioner attempts to establish the jurisdiction of this court by characterizing his claims as an attack on the execution of his sentence.   However, this bald characterization is in error and thus does not authorize this court to exercise jurisdiction over challenges to his conviction or sentence.   Nor does this court have jurisdiction over petitioner's claims simply by virtue of his confinement within this judicial district.   In short, this court is not shown to have jurisdiction to hear challenges to Mr. McGlothen's federal conviction or sentence entered by another federal district court.   Haugh, 210 F.3d at 1150.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to either pay the filing fee of $5.00 or submit a properly-supported motion for leave to proceed in forma pauperis on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, petitioner is required to show cause why this action should not be dismissed for lack of jurisdiction.

The clerk is directed to send IFP forms to petitioner.

---

2     For the reasons set forth herein, the court also declines to construe this petition as one brought pursuant to § 2255 and transfer it to the sentencing court.

4

IT IS SO ORDERED.

DATED:  This 14th day of February, 2013, at Topeka, Kansas.




                              s/RICHARD D. ROGERS
                              United States District Judge